IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. Enter case number

| | | |
|---|---|---|
| **BUDDY ALLEN** | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **ABB INC. SEVERANCE PLAN, ABB INC. ACTIVE EMPLOYEE GROUP BENEFIT PLAN, AND ABB INC.** | ) ) ) | |

COMES NOW Plaintiff Buddy Allen, by and through his attorneys, and for his Complaint against Defendants The ABB Inc. Severance Plan, The ABB Inc. Active Employee Group Benefit Plan, and ABB Inc., states as follows:

### The Parties

1. Plaintiff Buddy Allen is an individual resident of Sebastian County, Arkansas.

2. Defendant The ABB Inc. Severance Plan ("the Severance Plan") is described in its Summary Plan Description as "a benefit plan provided under the ABB Inc. Active Employee Group Benefit Plan." The Severance Plan is an unfunded, self-insured employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) that provides certain severance benefits to eligible employees of ABB Inc. The Plan Sponsor and Administrator of the Severance Plan is Defendant ABB Inc.

3. Defendant The ABB Inc. Active Employee Group Benefit Plan ("the Group Benefit Plan") is a partially self-insured 'cafeteria' employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) that provides certain welfare benefits to participant employees of ABB

1

Inc. The Plan Sponsor and Administrator of the Group Benefit Plan is Defendant ABB Inc.

4. Defendant ABB Inc. ("ABB") is a corporation registered to do business in the State of North Carolina, and having a principal place of business located in or near Cary, North Carolina.

## Jurisdiction and Venue

5. This is an action to recover severance benefits from the Severance Plan and the Group Benefit Plan, both which are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*; and an action against ABB, in itself and as Administrator of the Defendant employee welfare benefit plans, for breach of fiduciary duty under 29 U.S.C. §§ 1104 and 1109, and under 29 U.S.C. § 1140 for unlawful interference with Plaintiff's attainment of severance benefits from the Defendant employee welfare benefit plans.

6. This Court has federal question jurisdiction over Plaintiff's claims brought in this action under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) because the Defendant employee welfare benefit plans are administered in this judicial district in or near Cary, North Carolina; because the principal place of business of ABB is located in this judicial district in or near Cary, North Carolina; and because the governing documents of the Defendant employee welfare benefit plans specifically provide for venue in the United States District Court for the Eastern District of North Carolina.

## Facts

8. On or about November 1, 1987, Plaintiff was hired by Baldor Electric Company ("Baldor") as a full-time regular employee in Baldor's Fort Smith, Arkansas, manufacturing facility.

9. In 2011, ABB acquired Baldor and took over the ownership, management, and operation of the Fort Smith manufacturing plant where Plaintiff worked. At the time, however, Plaintiff remained an employee of Baldor.

10. On or about August 1, 2017, Plaintiff became a full-time regular employee of ABB. His title as an ABB employee was BUS-ERP Manager, and he continued to work in the Fort Smith manufacturing facility. Plaintiff's immediate supervisor was ERP Manager Arnoldo Aquayo, who worked in ABB's Cary, North Carolina, place of business.

11. At all relevant times, ABB was the plan sponsor and administrator of the Severance Plan and the Group Benefit Plan.

12. As a regular full-time employee of ABB, Plaintiff was entitled to severance benefits under the Severance Plan and the Group Benefit Plan, provided he met the eligibility criteria stated in the governing plan documents, including the Summary Plan Descriptions.

13. On or about January 24, 2018, Plaintiff was called to the office of Jason Green, Vice President of Human Resources in ABB's Fort Smith facility. On the telephone with Mr. Green, on speaker phone, were Mr. Aguayo and Mary Newbury, an ABB human resources employee in the Cary, North Carolina office. Mary Newbury is the I.S Country Manager for the United States.

14. Ms. Newbury told Plaintiff (apparently reading from a prepared script) that Plaintiff's employment with ABB was being terminated immediately for the reason that Plaintiff "had

3

put the company at risk." When Plaintiff asked what that statement meant, Ms. Newbury refused to provide any details or reasoning. Mr. Aguayo, Plaintiff's immediate supervisor, said nothing at all during this call. The call was then ended.

15. After the call ended, Mr. Green offered Plaintiff the opportunity to resign rather than be terminated, which Plaintiff declined. Mr. Green then told Plaintiff his termination was without severance, but did not say why.

16. Following the termination of his employment, Plaintiff applied for unemployment benefits with the Arkansas Employment Security Division ("the ESD"). According to ESD documents, ABB stated to the ESD that Plaintiff was terminated for "poor job performance," but ABB failed to describe any specific reason for Plaintiff's termination and ABB failed to provide any evidence supporting its claim of "poor job performance." The ESD ruled Plaintiff eligible for unemployment benefits.

17. By letter dated February 9, 2018, Plaintiff made a timely written claim to ABB, as Administrator of the Severance Plan, for severance benefits under the Severance Plan. A true and correct copy of said claim letter is Exhibit 1 to this Complaint.

18. By undated letter received by Plaintiff on March 2, 2018, ABB, as Administrator of the Severance Plan, denied Plaintiff's claim for severance benefits on the grounds that he was not eligible for benefits under the terms of the Severance Plan because: (1) Plaintiff had not been "Involuntarily Terminated" within the meaning of the eligibility terms of the Severance Plan since he was discharged for "misconduct," and (2) he had not been notified by ABB in writing prior to his termination that he was eligible for benefits under the Severance Plan. A true and correct copy of said denial letter is Exhibit 2 to this Complaint.

19. By letter to ABB dated March 15, 2018, Plaintiff requested certain information and documents necessary for the preparation of his administrative appeal of the denial of his claim for severance benefits. This request for information was authorized and made under the following language appearing in the Summary Plan Description of the Severance Plan:

> *You (or your authorized representative) will be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim.*

    A true and correct copy of said information request letter is Exhibit 3 to this Complaint.

20. Among other things, Plaintiff requested in Exhibit 3 the precise reason(s) for the termination of his employment, the identity of the person making that decision, all documents supporting the asserted reason(s), and all documents and information reviewed by ABB, as Administrator of the Severance Plan, in making its determination that Plaintiff was not eligible for severance benefits under the terms of the Severance Plan.

21. By letter dated April 16, 2018, ABB, as Administrator of the Severance Plan, responded to Plaintiff's information request. ABB stated, among other things, that in making its determination it had reviewed no documents or information other than the governing plan documents, including the Summary Plan Descriptions. ABB ignored and failed to respond to Plaintiff's specific requests for information surrounding the termination of his employment. A true and correct copy of said response letter is Exhibit 4 to this Complaint.

22. By letter dated April 26, 2018, Plaintiff lodged with ABB a timely administrative appeal of its denial of his claim for severance benefits under the Severance Plan. Plaintiff asserted that he was not discharged for misconduct, but was in reality terminated for the convenience of ABB (or with the unlawful intent to interfere with his severance rights)

5

since he had never committed any act of misconduct as an employee of ABB, nor was he ever informed he did. Plaintiff asserted that because his employment was actually terminated for ABB's convenience, not for misconduct, he fell within the definition of "Involuntarily Terminated" in the Severance Plan, and was therefore entitled to severance benefits. A true and correct copy of said appeal letter is Exhibit 5 to this Complaint.

23. By letter dated June 21, 2018, ABB, as Administrator of the Severance Plan, affirmed its initial denial of Plaintiff's claim for severance benefits. ABB stated the same grounds for denial, this time in more detail. As before, ABB did not provide any detail concerning the precise reason(s) for Plaintiff's discharge, nor did ABB state that it had received any additional information, or reviewed any additional document, or interviewed any person, in the course of making its renewed determination that Plaintiff was ineligible for severance benefits. A true and correct copy of said appeal denial letter is Exhibit 6 to this Complaint.

24. Plaintiff has made a full and complete claim for severance benefits from the Severance Plan and the Group Benefit Plan, and he has fully and completely exhausted the administrative remedies required by the governing documents of the said Defendant Plans. Plaintiff is therefore fully entitled to bring this action under ERISA for the recovery of severance benefits from the said Defendant Plans, for unlawful interference with Plaintiff's attainment of benefits from employee welfare benefit plans, and for breach of fiduciary duty.

## Count I: Recovery of Severance Benefits

25. Plaintiff hereby restates, as if set forth word for word, the claims and allegations made in paragraphs 1 to 24 above.

26. This Count I is brought under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due Plaintiff under the terms of the Severance Plan and the Group Benefit Plan, and to enforce Plaintiff's rights under the terms of said Plans.

27. In denying Plaintiff's claim for severance benefits, ABB, acting as Administrator of the Severance Plan and the Group Benefit Plan, acted arbitrarily and capriciously, and abused its discretion, in interpreting and applying the terms of the said Plans; specifically,

   a) ABB determined Plaintiff was not "Involuntarily Terminated" within the meaning of the Severance Plan without substantial supporting evidence;

   b) ABB determined Plaintiff was not "Involuntarily Terminated" within the meaning of the Severance Plan without the benefit of a reasonable and prudent inquiry or investigation into the facts and circumstances surrounding the termination of Plaintiff's employment;

   c) ABB interpreted the eligibility terms of the Severance Plan so as to create and impose a hidden, unknown, and unstated eligibility requirement that ABB applied to deny Plaintiff's claim for severance benefits;

   d) ABB interpreted the eligibility terms of the Severance Plan so as to unlawfully delegate authority for making eligibility decisions to non-fiduciary individual employees of ABB, contrary to the law and to the terms of the governing plan documents;

   e) ABB failed to conduct a full and fair review of Plaintiff's claim for benefits;

   f) During the claims process, ABB failed to respond fully, fairly, and in good faith to Plaintiff's written requests for information relevant to his claim for benefits,

thereby improperly and unlawfully hindering and thwarting Plaintiff in the claims process and violating the express, written terms of the Plans regarding requests for information by claimants;

g) ABB failed to act as Administrator and to interpret the terms of the Severance Plan and the Group Benefit Plan solely and exclusively in the interest of Plaintiff and other participants and beneficiaries of the Plans, and ABB failed to act with the care, skill, prudence, and diligence required by 29 U.S.C. § 1104(a)(1);

h) ABB, acting as Administrator, and operating under a conflict of interest, committed the above-said acts specifically and intentionally for the improper and unlawful purpose of denying Plaintiff severance benefits to which he was entitled under the terms of the Severance Plan and the Group Benefit Plan; and

i) Any other acts and decisions constituting abuses of discretion that may be found in the administrative record.

28. Contrary to the arbitrary and capricious interpretations and determinations made by ABB, Plaintiff is eligible for severance benefits under the terms of the Severance Plan and the Group Benefit Plan because he was "Involuntarily Terminated" within the meaning of the Severance Plan, as properly interpreted and applied, and Plaintiff otherwise fully met the eligibility requirements of the Severance Plan and the Group Benefit Plan.

29. Plaintiff is therefore entitled to the full amount of severance benefits to which he was entitled under the terms of the Severance Plan and the Group Benefit Plan upon the termination of his employment with ABB, together with pre-judgment interest and an award of Plaintiff's costs and attorneys' fees incurred in prosecuting this claim.

## Count II: Unlawful Interference with the Attainment of ERISA Benefits

30. Plaintiff hereby restates, as if set forth word for word, the claims and allegations made in paragraphs 1 to 29 above.

31. ABB, acting by and through its agents and employees, fabricated and gave to Plaintiff and the ESD false and pretextual reasons for the termination of Plaintiff's employment that had no basis in fact or reasonable belief. ABB did so with the specific purpose and intent of improperly and unlawfully interfering with Plaintiff's right and eligibility to receive severance benefits under the Severance Plan and the Group Benefit Plan upon the termination of his employment with ABB.

32. Said conduct by ABB, acting by and through its agents and employees, constituted unlawful interference with Plaintiff's attainment of benefits from an employee welfare benefit plan in violation of 29 U.S.C. § 1140. But for ABB's said unlawful acts Plaintiff would have be eligible and entitled to receive severance benefits under the terms of the Severance Plan and the Group Benefit Plan.

33. Plaintiff has been damaged by ABB's unlawful interference with his rights under the Severance Plan and the Group Benefit Plan in the amount of severance benefits he would have received under the terms of those Plans but for ABB's unlawful acts of interference, plus pre-judgment interest and Plaintiff's costs and attorneys' fees incurred in prosecuting this action.

## Count III: Breach of Fiduciary Duty by ABB as Plan Administrator

34. Plaintiff hereby restates, as if set forth word for word, the claims and allegations made in paragraphs 1 to 33 above.

35. This Count III for breach of fiduciary duty is brought against ABB under 29 U.S.C. § 1132(a)(3) to enjoin acts and practices by ABB, as Plan Administrator, that violate ERISA, to enforce the terms of the Severance Plan and the Group Benefits Plan, to obtain appropriate equitable relief, to redress violations of ERISA, and to enforce ERISA and the terms of the said Plans.

36. At all relevant times, ABB acted as the Administrator of the Severance Plan and the Group Benefit Plan. As Administrator of those Plans, ABB exercised discretionary authority and control over the management of the Plans, and ABB was a fiduciary of each Plan within the meaning of 29 U.S.C. § 1002(21)(A).

37. As a fiduciary of the Severance Plan and the Group Benefit Plans, ABB had a duty to discharge its duties with respect to both Plans solely in the interest of the Plans' participants and beneficiaries, to use the skill and diligence of a "prudent man" in the circumstances, to discharge its duties as Administrator in accordance with the documents governing the Plans, and to otherwise conform to the requirements of 29 U.S.C. § 1104(a)(1).

38. ABB, by and through its employees and agents, breached its fiduciary duty to Plaintiff and to other participants and beneficiaries of the Severance Plan and Group Benefit Plan, as follows:

    a) ABB failed to make a full and fair review of Plaintiff's claims for severance benefits, specifically failing to make any investigation at all into the facts and circumstances surrounding the termination of Plaintiff's employment;

    b) ABB's determination that Plaintiff was not eligible for severance benefits under the terms of the Severance Plan was arbitrary and capricious, was not supported

by substantial evidence, was not the result of sound reasoning, and was not the outcome of a fair and searching claims resolution process;

c) ABB interpreted the eligibility terms of the Severance Plan in a manner that created and imposed a hidden, unknown, and undisclosed eligibility criterion, which it used to deny Plaintiff's claim for benefits, contrary to the law and the governing Plan documents;

d) ABB interpreted the eligibility terms of the Severance Plan in a manner that improperly and unlawfully delegated eligibility determinations to non-fiduciary employees of ABB, contrary to the law and the governing Plan documents;

e) ABB has failed to interpret the terms of the Severance Plan and the Group Benefit Plan for the sole and exclusive benefit of participants and beneficiaries by interpreting the plan terms as said in subparagraphs c) and d) above, thereby making the Plans structurally defective because, as so interpreted and applied, they violate the requirements and limitations of ERISA;

f) During the claims process, ABB failed to respond fully, fairly, and in good faith to Plaintiff's written requests for information relevant to his claim for benefits, thereby improperly and unlawfully hindering and thwarting Plaintiff in the claims process and violating the express, written terms of the Plans regarding requests for information by claimants;

g) ABB, acting by and through its agents and employees, improperly and unlawfully interfered with Plaintiff's attainment of severance benefits by fabricating false reasons for his termination that had no basis in fact or reasonable belief, and it did

so for the specific purpose of improperly and unlawfully interfering with Plaintiff's receipt of severance benefits to which he would have been otherwise entitled;

h) ABB, acting as Administrator, and operating under a conflict of interest, committed the above-said acts specifically and intentionally for the improper and unlawful purpose of denying Plaintiff severance benefits to which he was entitled under the terms of the Severance Plan and the Group Benefit Plan; and

i) Any other acts and decisions constituting breach of fiduciary duty that may be found in the administrative record.

39. By engaging in said breaches of fiduciary duty to the Severance Plan, to the Group Benefit Plan, and to Plaintiff and other participants and beneficiaries, ABB violated ERISA and the terms of the said Plans. As a direct result of ABB's said breaches of fiduciary duty, Plaintiff was unlawfully and improperly deprived of severance benefits under the said Plans.

40. Plaintiff is therefore entitled to an order permanently enjoining and restraining ABB from further acts in breach of its fiduciary duty to Plaintiff and other participants and beneficiaries of the Severance Plan and the Group Benefit Plan; and Plaintiff is further entitled to restitutionary equitable relief in the form of the severance benefits Plaintiff would have received but for ABB's breaches of fiduciary duty, plus pre-judgment interest and Plaintiff's costs and attorneys' fees incurred in prosecuting this action.

## Prayer for Relief

WHEREFORE, Plaintiff Buddy Allen prays the Court for:

(1) An order finding that ABB acted arbitrarily and capriciously, and abused its discretion, in denying Plaintiff benefits under the Severance Plan and finding that Plaintiff is eligible for severance benefits under the terms of the Severance Plan and the Group Benefit Plan, and an award to Plaintiff of the amount of severance benefits to which he is entitled under the terms of the Severance Plan and the Group Benefit Plan;

(2) An order finding that ABB violated 29 U.S.C. § 1140 by terminating Plaintiff's employment with the specific intent and purpose of interfering with Plaintiff's attainment of benefits from the Severance Plan and the Group Benefit Plan, and an award to Plaintiff of his damages in the amount of severance benefits he would have received but for ABB's unlawful interference;

(3) An order finding that ABB breached its fiduciary duty to Plaintiff and other participants and beneficiaries of the Severance Plan and the Group Benefit Plan and enjoining and restraining ABB from further breach of its fiduciary duty, and for a restitutionary award to Plaintiff of the amount of the severance benefits Plaintiff would have received under the terms of the Severance Plan and the Group Benefit Plan but for ABB's breaches of fiduciary duty;

(4) An award of Plaintiff's attorneys' fees and other costs of this action under 29 U.S.C. § 1132(g)(2);

(5) Pre-judgment interest on the principal amount of the judgment; and

(6) All other relief to which Plaintiff may be entitled in law or equity.

This 13th day of March, 2019.

        Respectfully Submitted,

        BUDDY ALLEN, Plaintiff

        /s/ Warren Sparrow
        Warren Sparrow
        165 Fox Run Road
        Forest City, North Carolina 28043
        Telephone: (336) 978-5335
        Email: wsparrow@ix.netcom.com
        NC State Bar No. 4105
        Local Civil Rule 83.1(d) Counsel for Plaintiff

        Joseph F. Gilker, Ark. Bar No. 85219
        Christopher F. Woomer, Ark. Bar No. 96257
        GILKER AND JONES, P.A.
        9222 North Highway 71
        Mountainburg, Arkansas 72946
        Telephone: (479) 369-4294
        Email: gilkerlaw@aol.com
        Attorneys for Plaintiff (by special
        appearance)